UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ADA RIVAS, | Case No. 2:20-CV-306 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is defendant GEICO Casualty Company's[1] ("Geico") motion to dismiss. (ECF No. 6). Also before the court is Geico's motion to sever/bifurcate and stay. (ECF No. 7).[2] Plaintiff Ada Rivas ("Rivas") filed a single response to both motions (ECF No. 8), to which Geico replied (ECF No. 10).

**I.  Background**

The instant action arises from an insurance dispute. (ECF No. 1-1). An underinsured, non-party driver struck Rivas on July 28, 2015. *Id.* at 3. Rivas then made an underinsured motorist ("UIM") claim to Geico, demanding the $100,000 policy limits. *Id.* at 4. Geico allegedly determined that the non-party driver was at fault but nonetheless refused to pay the policy limits. *Id.*

Rivas brought the instant action in state court on February 13, 2020, alleging breach of contract, breach of the implied covenant of good faith and fair dealing ("bad faith"), and

---

[1] Geico was erroneously sued as "Government Employees Insurance Company d/b/a GEICO." (ECF No. 1 at 1).

[2] The two motions are identical and request relief in the alternative to one another.

**James C. Mahan**
**U.S. District Judge**

violations of Nevada's Unfair Claims Practices Act. (ECF No. 1-1). Geico timely removed the action to this court (ECF No. 1), and now moves to dismiss or, alternatively, to sever and stay the extra-contractual claims (ECF Nos. 6; 7).

## II.  Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the

line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.  Discussion

In Nevada, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989).  An insurer breaches its duty to act in good faith when it unreasonably refuses "to compensate the insured for a loss covered by the policy." *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (Nev. 1993) (internal citation and quotation marks omitted).  Thus, plaintiffs bringing a bad-faith claim must show "the absence of a reasonable basis for denying benefits and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991) (quotation marks, ellipses, and citation omitted).  Because bad faith requires the denial to be objectively and subjectively unreasonable, "the insurer is not liable for bad faith for being incorrect about policy coverage as long as the insurer had a reasonable basis to take the position that it did." *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (citation omitted)).

The Nevada Unfair Claims Practices Act, NRS § 686A.310, deals with unfair practices in settling claims and liability of the insurer for damages.  This statute designates certain insurance company activities as unfair practices and allows for a private right of action by an insured against the insurer for a violation of the statute. *See Hart v. Prudential Prop. & Cas. Ins. Co.*, 848 F. Supp. 900, 903 (D. Nev. 1994). "The provisions of NRS 686A.310 address the manner in

James C. Mahan
U.S. District Judge

- 3 -

which an insurer handles an insured's claim [even if] the claim is denied." *Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010).

Here, regarding the bad faith claim, Geico argues that Rivas's "[c]omplaint demonstrates that, at best, this dispute . . . is as to the valuation of the injury." (ECF No. 6 at 5). As it pertains to the unfair claims practices claim, Geico contends that Rivas simply recites legal conclusions from the statute without "factual allegations of conduct in violation of the statute or how that putative conduct may have violated any of its provisions." *Id.* at 8. The court agrees.

Rivas's opposition to the instant motion supplements her complaint with new facts. For instance, Rivas argues that Geico determined the nonparty driver was at fault, that her medical damages are $40,754, and that Geico "changed [its] position on [her] claim." (ECF No. 8 at 6). None of these facts are alleged in her complaint. The court should not and will not consider those new facts when ruling on the instant motion. The only allegations in Rivas's complaint are bare recitations of the statutes authorizing and elements of her claims.

Accordingly, the court grants Geico's motion as to Rivas's second and third claims. However, as evidenced by her response, the deficiency in her complaint can be cured by amendment. Thus, the court dismisses the claims with leave to amend.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Geico's motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Geico's motion to sever/bifurcate and stay (ECF No. 7) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that Rivas's extra-contractual claims be, and the same hereby are, DISMISSED with leave to amend.

DATED June 12, 2020.

                                                                                                                      UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**